DAVID HASNEY, PLAINTIFF-RESPONDENT, v. STACEY AMUSEMENT COMPANY ET AL., DEFENDANTS-APPELLANTS.

Submitted January 31, 1936—Decided June 26, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant Stacey Amusement Company, *Cecil W. Rotzell*.

For the respondent, *David L. Smith* and *James S. Turp*.

PER CURIAM.

Plaintiff below fell into a trapdoor opening in the sidewalk used as an entranceway into the basement of property used by the Stacey Amusement Company. In an action to recover damages for injuries received plaintiff obtained a judgment against that company, and the defendant appeals, contending that on its motion there should have been a verdict directed in its favor, and that there was error in the denial of certain requests for charge.

The grounds of the motion were that no evidence of negligence existed, and that it affirmatively appeared that the plaintiff was himself guilty of negligence contributing to the accident.

The opening was provided with doors which when closed rested even with the surface of the sidewalk; when open the lids were raised a little less than two feet. It was over one of these raised lids that the plaintiff fell. There was evidence from which it could be inferred that the servant of the defendant negligently failed to guard this opening, and that due to this failure the injuries were received.

The plaintiff was using the sidewalk in common with other persons immediately preceding him at the time of the accident. Normally sidewalks are presumed to be free from obstructions and pitfalls. Whether leaving the opening with its shallow lids unguarded was negligence, and whether plaintiff was guilty of negligence in failing to observe the open doors was for the jury to determine. *Durant* v. *Palmer*, 29 *N. J. L.* 544; *Matheke* v. *United States Express Co.*, 86 *Id.* 586; 92 *Atl. Rep.* 399.

Our examination of the requests presented for charge leads us to the conclusion that in so far as they were proper statements of the law, the jury had already been instructed in accordance with them.

The judgment is affirmed, with costs.